IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:06-1219-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Richard Foster, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts one claim for relief, contending that the actions of both his sentencing and appellate counsel constituted ineffective assistance of counsel. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion on January 11, 2010. For the reasons set forth below, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### BACKGROUND

On February 20, 2007, Defendant was charged in a three-count superseding indictment for his part in an armed bank robbery. On March 22, 2007, Defendant, pursuant to a plea agreement with the Government, appeared before this court and after a thorough Rule 11 hearing, pleaded guilty to Count 1 of the Superseding Indictment, which charged a violation of 18 U.S.C. §§ 2113(a), (d), armed bank robbery; and 2, aid and abet.

On January 10, 2008, Defendant appeared before this court for sentencing, raising several objections to the Presentence Report (PSR). After ruling on Defendants' objections, the court sentenced Defendant to 168 months' imprisonment.

1

A Notice of Appeal was entered on Defendant's behalf by the Clerk. Defendant, through counsel, raised three issues on appeal: (1) whether this court erred in applying a two-level enhancement for obstruction of justice; (2) whether Defendant was entitled to a reduction in his sentence for acceptance of responsibility; and (3) whether this court properly considered the factors under 18 U.S.C. § 3553(a) and imposed a reasonable sentence. On February 20, 2009, the Fourth Circuit Court of Appeals rejected Defendant's arguments and affirmed his sentence. *United States v. Foster*, 312 Fed. Appx. 564 (4th Cir. 2009). This timely motion followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Sentencing is a critical stage of the trial proceedings, thereby entitling a defendant to effective assistance of counsel. *See United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." *Id*. at 136. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

2

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, "an analysis focusing solely on mere outcome determination . . . is defective," *Lockhart*, 506 U.S. at 369. Instead, a proper prejudice analysis must consider "whether the result of the proceeding was fundamentally unfair or unreliable." *Id*. As a result, a court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Id*. at 369-70.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that [s]he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also Smith v. South Carolina*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697.

**DISCUSSION**

Defendant's contention is that both sentencing and appellate counsel were ineffective in failing to argue certain objections to two specific offense characteristics. Specifically, Defendant contends counsel were ineffective, at sentencing and on appeal, in failing to challenge a two-level enhancement under U.S.S.G. § 3B1.1(c) for role in the offense. He also claims that counsel should have argued against a five-level enhancement under U.S.S.G. § 2B3.1(b)(2)(C) for possession of a weapon.

As to the enhancement for role in the offense, Defendant contends that counsel should have brought to the court's attention that the commentary to § 3B1.1 showed that "the enhancement for a leadership role should not have been applied" to Defendant. Mot. at 4 (Dkt. # 169-1, filed Nov. 20, 2009). Defendant raised this issue *pro se* during sentencing, but he contends that he abandoned it because he could not "marshal the facts[ ] so that the enhancement would not be used against him." *Id*. at 3.

This argument is without merit, as the enhancement clearly applied to Defendant's role in the offense. Defendant provided the Tyvek coveralls which his co-defendants wore during the robbery; he placed a decoy telephone call to police; and he received an equal split of proceeds from the robbery. Therefore, because this enhancement properly applied to Defendant, he cannot show prejudice from counsel's failure to raise this issue at sentencing or on appeal.

As to the weapon enhancement, even assuming sentencing counsel's failure to raise this issue was ineffective, Defendant can show no prejudice. Defendant raised this issue *pro se* at sentencing, and the Government presented the testimony of his two co-defendants. Defendant's counsel was

4

given an opportunity to cross-examine these witnesses, and Defendant was given an opportunity to testify, which he declined. Based upon the evidence presented, this court found by a preponderance of the evidence that not only was the weapon carried during the robbery, but that Defendant was aware it was going to be carried. Because Defendant makes no showing, other than an attack on the credibility of the witnesses, that the application of this enhancement was in error, he can show no prejudice resulting from sentencing counsel's failure to object. Moreover, Defendant admits in his response to the Government's motion for summary judgment that his co-defendant Demario Ware "carried the firearm but kept it in his pant[s] pocket" during the commission of the offense. Mot. in Opposition at 5 (Dkt. # 178, filed Jan. 11, 2010).

Defendant makes no showing that appellate counsel's failure to include this argument in his direct appeal prejudiced him. As noted above, "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quotation and citation omitted). To support his contention that appellate counsel was ineffective, Defendant makes conclusory statements that counsel's failure to include this argument prejudiced him. Coupled with the evidence presented at sentencing and Defendant's own admission that the weapon was possessed during the robbery, Defendant fails to show ineffectiveness of appellate counsel.

**CONCLUSION**

Accordingly, for these reasons, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

5

# CERTIFICATE OF APPEALABILITY[1]

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 2, 2010

---

[1] On December 1, 2009, the Rules Governing Section 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2255 Rule 11(a).