IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:06-1219-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Richard Foster, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, has filed a letter in which he voices various complaints relating to his conviction and sentence. Dkt. # 190 (filed Nov. 4, 2010). This "letter" is, in reality, a second or successive motion for relief under 28 U.S.C. § 2255, as it challenges the sentence which was imposed by this court based upon certain alleged infirmities.[1] Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

---

[1] Defendant's initial § 2255 motion was filed November 20, 2009. The Government was granted summary judgment and a certificate of appealability was denied by Order filed February 2, 2010. Dkt. # 179.

1

This motion is dismissed as this court is without jurisdiction to consider it.[2]

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 15, 2010

---

[2]To the extent Defendant's "motion" can be construed as a motion to reconsider to sentence imposed, the power of a court to modify a sentence is very limited. Defendant's letter does not reach the narrow category of cases covered under 18 U.S.C. § 3582. Moreover, to the extent Defendant argues that alleged prosecutorial misconduct resulted in the imposition of an illegal sentence, this issue is more properly pursued in a motion for relief under § 2255. However, as noted in the body of this order, absent authorization from the Fourth Circuit Court of Appeals, this court is without jurisdiction to consider a second or successive § 2255 motion from Defendant.